[Cite as *State v. Powell*, 2020-Ohio-4768.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 28775 |
| | : | 28776 |
| v. | : | 28777 |
| | : | 28778 |
| RYAN A. POWELL | : | 28779 |
| | : | |
| Defendant-Appellant | : | Trial Court Case Nos. 2018-CR-2351 |
| | : | 2018-CR-3880 |
| | | 2018-CR-3936 |
| | | 2018-CR-4636 |
| | | 2018-CR-4807 |
| | | (Criminal Appeal from |
| | | Common Pleas Court) |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 2nd day of October, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by LISA M. LIGHT, Atty. Reg. No. 0097348, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422

ROBERT ALAN BRENNER, Atty. Reg. No. 0067714, P.O. Box 340214, Beavercreek, Ohio 45434
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Ryan A. Powell appeals from his convictions for drug-possession offenses. Specifically, he challenges the trial court's denial of his motion that he be screened for mental health court. The trial court did not abuse its discretion by denying the motion, so we affirm.

## I. Factual and Procedural Background

{¶ 2} Powell pleaded guilty to five drug-possession charges under R.C. 2925.11(A): three fifth-degree felony charges of aggravated possession of drugs,[1] a fifth-degree felony charge of possession of a fentanyl-related compound,[2] and a third-degree felony charge of aggravated possession of drugs.[3]

{¶ 3} In February 2020, before he was sentenced, Powell filed a motion in each case to be screened for mental health court in which he said that he had a long history of mental illness and "would benefit from being screened for mental health court so that he is able to finally get the mental health treatment that he so badly needs." But the trial court summarily denied Powell's requests. The court sentenced him to prison: one year for each of the fifth-degree charges and two years for the third-degree charge, all sentences running concurrently.

{¶ 4} Powell appeals.

## II. Analysis

{¶ 5} The sole assignment of error alleges:

---

[1] Montgomery C.P. Nos. 2018-CR-2351, 2018-CR-3880, and 2018-CR3936.

[2] Montgomery C.P. No. 2018-CR-4636.

[3] Montgomery C.P. No. 2018-CR-4807.

THE TRIAL JUDGE ERRED BY DENYING THE DEFENDANT'S MOTION FOR SCREENING FOR MENTAL HEALTH COURT.

{¶ 6} Loc.R. 3.16 of the Montgomery County Common Pleas Court, General Division ("Mont. Co. C.P.R.") creates a specialized docket program known as the Mental Health Court ("MHC"), the purpose of which is "to offer intensive probation and targeted treatment for offenders who have been diagnosed with a serious mental illness, where such illness contributed to the offender's involvement in the criminal justice system." Mont. Co. C.P.R. 3.16(A).

{¶ 7} A defendant enters MHC in one of two ways: the defendant is ordered to MHC by the trial judge, Mont. Co. C.P.R. 3.16(C)(1), or the defendant is referred to MHC by a judge, attorney, or others, Mont. Co. C.P.R. 3.16(D)(1). To be eligible for admission, a defendant must meet certain legal and clinical requirements. Mont. Co. C.P.R. 3.16(C)(2). But ultimately, even if the requirements are met, it is the MHC Judge[4] who has the "final discretion" as to whether a defendant is eligible, Mont. Co. C.P.R. 3.16(D)(2), and "sole discretion" as to whether a defendant is admitted, Mont. Co. C.P.R. 3.16(C). Once a defendant is admitted, the MHC Judge has "authority over any and all further court proceedings." Mont. Co. C.P.R. 3.16(E).

{¶ 8} Here, Powell filed a motion requesting "that he be screened for mental health court." As an initial matter, it is somewhat unclear what Powell was asking the trial court to do, exactly. Was he asking the court to determine whether he was eligible for MHC, that is, whether he satisfied the legal and the clinical requirements? Or was Powell asking the court simply to order a mental-health assessment? The trial court understood him to

[4] The "MHC Judge" is "the Judge assigned to MCH." Mont. Co. C.P.R. 3.16(B).

be asking for the latter, "a mental health assessment for purposes of potential admission to mental health court." Order and Entry Denying Defendant's Motion for Screening for Mental Health Court, p. 1.

**{¶ 9}** Under Rule 3.16, this assessment would be relevant only to the clinical requirements and would not alone determine Powell's eligibility for MHC. Moreover, the rule does not say anything about the trial court ordering a mental-health assessment, screening a defendant for MHC, or determining whether a defendant is eligible for MHC. All the rule says about the trial court's role is that "[t]he assigned Judge[5] may order a defendant to MHC." Mont. Co. C.P.R. 3.16(C)(1). The trial court perhaps, in its inherent discretion, could have ordered a mental-health assessment or given an opinion as to whether it thought Powell satisfied the legal or clinical eligibility requirements (or both) for MHC. But the rule does not require or grant discretion to the court to do either. At any rate, we find the trial court's decision to be reasonable. The presentence investigation report (PSI) shows many unsuccessful attempts at treatment. Likely, after reviewing the PSI, which the court said it considered, the trial court concluded that further treatment would not help Powell.

**{¶ 10}** Powell argues that the procedure in Mont. Co. C.P.R. 3.16(D) for referrals to MHC was not followed in his cases, saying that the MHC Judge, not the trial judge, had final discretion to decide eligibility. And Powell argues that the trial court should have explained its rationale for denying his request by reviewing the rule's MHC eligibility requirements. But the trial court did not determine whether Powell was eligible for MHC.

---

[5] The "assigned Judge" is the judge to whom the criminal case was originally assigned. *See* Mont. Co. C.P.R. 1.19.

It simply denied his request for a mental-health assessment. Even if the trial court had granted Powell's request, the MHC Judge still would have had to decide whether he was eligible and whether to admit him.

### III. Conclusion

{¶ 11} The trial court did not abuse its discretion by overruling Powell's motion to be screened for mental health court. The sole assignment of error is overruled.

{¶ 12}  The trial court's judgments are affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Lisa M. Light
Robert Alan Brenner
Hon. Mary L. Wiseman